IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief November 18, 2005

## LUTHER KIRKWOOD v. SHELBY COUNTY GOVERNMENT, d/b/a SHELBY COUNTY SHERIFF'S DEPARTMENT, JAIL DIVISION

**A Direct Appeal from the Chancery Court for Shelby County**
**No. Ch-02-0612-2     The Honorable Arnold Goldin, Chancellor**

—————————————

**No. W2005-00769-COA-R9-CV - Filed April 6, 2006**

—————————————

Employee of Shelby County Sheriff's Department sought review of Civil Service Commission's order upholding employee's termination. The Chancery Court, Shelby County remanded the issue to the Civil Service Merit Review Board, and held that the Board's failure to require any live testimony of Shelby County employees who made accusations against the former employee was a violation of employee's due process rights to cross-examine his accusers, and that the obligation to call the accusers is that of the employer and not that of the employee. The matter came before this Court on a Rule 9 application for Interlocutory Appeal to consider only (1) whether the Civil Service Merit Review Board's failure to require any live testimony of Shelby County employees who made accusations against former employee was a violation of former employee's due process rights to cross-examine his accusers, and (2) whether the obligation to call the accusers is that of the employer, Shelby County, or that of the employee. We hold that the Civil Service Merit Review Board's failure to require any live testimony of Shelby County employees who made accusations against former employee was not a denial of the employee's due process rights due to the fact that the employee waived the opportunity to confront or cross-examine his accusers. Further, we find that there exist no obligation on the part of Shelby County to call the employee's accusers, only that Shelby County must meet its burden of going forward and establishing a prima facie case against the employee. The chancery court order is vacated, and the order of the Civil Service Merit Board is affirmed.

**Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Chancery Court Vacated**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Martin W. Zummach of Germantown, Tennessee for Appellant, Shelby County Government

Murray B. Wells of Memphis, Tennessee for Appellee, Luther Kirkwood

# OPINION

Luther Kirkwood ("Appellee" or "Petitioner")[1] filed a Petition for Writ of Certiorari against the Shelby County Government, d/ba Shelby County Sheriff's Department, Jail Division ("Appellant" or "Shelby County") for review of the Shelby County Civil Service Commission's order upholding his termination. Mr. Kirkwood was a Shelby County Deputy Jailer. Mr. Kirkwood was investigated by the Shelby County Sheriff's Department for violence against inmates and administrative charges were brought against Mr. Kirkwood. On January 11, 2001, a pre-termination hearing, commonly referred to as a Loudermill hearing, was held to allow Mr. Kirkwood an opportunity to respond to the charges against him. The Sheriff's Department provided a summary of the testimony of Mr. Kirkwood's accusers; however, none of the witnesses appeared in person. Following the Loudermill hearing, Mr. Kirkwood was terminated from his position on January 30, 2001. Pursuant to the Civil Service Merit Act, Mr. Kirkwood appealed his termination to the Civil Service Merit Review Board of Shelby County ("Review Board"). The case was heard by the Review Board on November 13, 2001 and November 29, 2001.

When all of the parties arrived at the first day of the hearing on November 13, 2001, it was announced that Lt. Ducrest, lead investigator on Mr. Kirkwood's case, would not be present due to the death of his mother the night before. Shelby County requested a continuance. Mr. Kirkwood objected to a continuance because, as he stated, he had subpoenaed numerous witnesses and was ready to proceed. The Review Board overruled Shelby County's request and the hearing proceeded.

At the Review Board hearing, counsel for Shelby County did not call any of the individuals who had made accusations against Mr. Kirkwood. Rather, Mr. Kirkwood and the County, by stipulation, entered into evidence all of the transcribed statements taken by investigators of the Shelby County Sheriff's Department in regards to Mr. Kirkwood's case. These statements included each individual accusation made against Mr. Kirkwood. Shelby County's counsel had provided all of the transcribed statements and the internal affairs summary to Mr. Kirkwood's attorney prior to the Review Board hearing. Shelby County's counsel did offer the live testimony of the officer who had presided over Mr. Kirkwood's Loudermill hearing, and that of Director Bill Cash. As stated above, the lead investigator, Lt. Ducrest, who took the recorded statements from Mr. Kirkwood's accusers, was not present, thus his opinions and his conclusions were not available by way of live testimony. Due to the late hour, the hearing was continued until November 29, 2001.

At the hearing on November 29, 2001, counsel for Shelby County announced that Lt. Ducrest was present and would be available for questioning by either the Review Board or Mr. Kirkwood's attorney. However, Lt. Ducrest was not called to testify by either party. After Mr. Kirkwood's attorney rested his case, the Review Board upheld the termination of Mr. Kirkwood. After the Review Board's decision to uphold his termination, Mr. Kirkwood appealed to Chancery Court by

---

[1] Mr. Luther Kirkwood died on September 26, 2005. His widow, Robyn Kirkwood, has been substituted as the proper party in place of Appellee, Luther Kirkwood.

Petition for Writ of Certiorari. Review under a Writ of Certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. ***McCallen v. City of Memphis,*** 786 S.W.2d 633, 640 (Tenn. 1990). The reviewing court does not weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. ***Watts v. Civil Serv. Bd. of Columbia,*** 606 S.W.2d 274, 276-77 (Tenn. 1980); ***Davison v. Carr,*** 659 S.W.2d 361, 363 (Tenn. 1983). These determinations are issues of law. ***Watts,*** 606 S.W.2d at 277.[2] Mr. Kirkwood's petition reads, in pertinent part:

4. On or about January 4, 2001, Petitioner was erroneously charged by the County of violating its excessive force, neglect of duty, truthfulness, and abuse of position policies during a series of incidents that occurred on the second floor of the jail on May 27, 2000.

5. A hearing was held on January 11, 2001, in which the Petitioner appeared and denied the charges levied against him. The County called no witnesses to any of the alleged violations, but relied instead on a summary of an investigation performed in part by the County's Internal Affairs Division.

6. By letter dated January 30, 2001, Petitioner was erroneously found guilty of violating the County's excessive force, neglect of duty, truthfulness, and abuse of discretion policies.

7. Petitioner filed a timely appeal to the [Review] Board and a hearing was held on November 11, 2000 and November 29, 2000.

8. Charges against the Petitioner involve alleged use of excessive force against two inmates, Lionel Torres, and John Doe a/k/a Geisler McGowan. Neither inmate was called to testify. In fact, the County did not call any witnesses who testified [that] they witnessed Petitioner exercising excessive force or abusing his position.

10.[3] Rather, the County relied solely on the work product of an internal affairs investigation prepared by Lt. D. J. Ducrest of the County's Internal Affairs

---

[2] Pursuant to T.C.A. § 27-9-114, judicial review of decisions by civil service boards, which affect the employment status of a county employee, shall be governed by the Tennessee Administrative Procedures Act. ***See Tidwell v. City of Memphis,*** No. 00024-COA-R3-CV, 2004 WL 3021108 (Tenn. Ct. App. 2004). Under T.C.A. § 4-5-322 of the Administrative Procedures Act, the Chancery Court may reverse or modify the Review Board's decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions. T.C.A. § 4-5-322(h)(1). However, in determining the substantiality of evidence, "the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of facts. T.C.A. § 4-5-322(h)(5)(B).

[3] In the Appellee's petition the numbered paragraphs go from number eight to number ten, therefore the numbers here are also out of sequence.

Division over Petitioner's objection as to the hearsay nature of the evidence. Lt. Ducrest was not in attendance at the Civil Service hearing and did not testify as to the facts in this case.

11. Petitioner was denied the right to cross-examine any of the charging witnesses against him.

12. On February 8, 2001, the Merit Board issued a decision sustaining all charges against the Petitioner.

13. The Merit Board's denial of Petitioner's right to confront the witnesses against him constitutes a violation of the due process provision of the Fourteenth Amendment of the United States Constitution.

14. The decision of the Merit Board sustaining all charges against the Petitioner was arbitrary, without basis in law or in fact, in excess of its statutory authority, made upon unlawful procedure, arbitrary, capricious, and an abuse of discretion in violation of the due process and equal protection provisions of the United States Constitution and in violation of the law of the land provision of the Constitution of Tennessee. Moreover, the decision is unsupported by substantial and material evidence in light of the entire record.

Mr. Kirkwood's petition sought a reversal of the findings of the Review Board, reinstatement his former position as a Sergeant with the Shelby County Sheriff's Department, and compensation for loss of salary and benefits.

On April 26, 2002, Shelby County filed an answer to the petition and asserted that Mr. Kirkwood and his counsel had used their right to subpoena many witnesses, consequently, any failure to subpoena additional witnesses that Mr. Kirkwood desired to examine or cross-examine, was the fault of Mr. Kirkwood, and not that of Shelby County. Further, in their answer to Mr. Kirkwood's petition, Shelby County asserts that the decision of the Review Board was supported by substantial and material evidence in light of the entire record and the testimony of Mr. Kirkwood and his witnesses. Shelby County sought a dismissal of Mr. Kirkwood's petition and that cost be accessed against him.

The matter came before the Shelby County Chancery Court on January 12, 2005. In oral argument before the trial court, Mr. Kirkwood argued that he was denied his due process rights because he was not permitted to cross-examine any of the adverse witnesses who gave statements against him in the investigation, because none of those witnesses appeared at either the Loudermill hearing or at the hearing before the Review Board. Mr. Kirkwood argued that it was Shelby County's responsibility to bring the adverse witnesses before the Review Board. Furthermore, Mr. Kirkwood stated that the Review Board found it sufficient to rely solely on the summary of the investigation provided by the Sheriff's Internal Affairs which, constituted hearsay evidence.

Shelby County responded to Mr. Kirkwood's denial of due process argument by presenting to the trial court the case of *Case v. Shelby County Civil Service Merit Bd.,* 98 S.W.3d 167 (Tenn. Ct. App.,2002).Shelby County asserted that the decision in *Case* stated that the County's burden can be met by hearsay evidence in the form of recorded statements, a summary of the Internal Affairs investigation, and Loudermill transcripts. Further, Shelby County argued that, under *Case*, it is not the burden of the county to bring live witnesses to testify against Mr. Kirkwood, but instead is the obligation of Mr. Kirkwood to have those witnesses at the hearing should he want to examine them. Shelby County asserted that, pursuant to *Case,* Mr. Kirkwood cannot assume that the County will bring those accusers thereby subjecting them to cross-examination.

On March 11, 2005, the trial court issued its Order, which reads, in pertinent part:

1.  The Civil Service appeal of Mr. Luther Kirkwood is remanded to the Civil Service Merit Review Board for the Civil Service Merit Review Board to hear live testimony of current Shelby County employees who have made accusations which give rise to the charges brought by the employer against Luther Kirkwood and which is to be reviewed by the Civil Service Merit Review Board.

2.  The Civil Service Merit Review Board's failure to require any live testimony of Shelby County employees who made accusations against Mr. Luther Kirkwood was a violation of Mr. Luther Kirkwood's due process rights to cross-examine his accusers.

3.  The obligation to call the accusers is that of the employer, Shelby County, and is not that of the employee, Luther Kirkwood.

    This matter is stayed pending the Court of Appeals of the Western District accepting the Respondent's Interlocutory Appeal which has been granted by this Court upon Respondent's request.

After initially denying Shelby County's application, this Court granted the Shelby County's application for interlocutory appeal under Tenn. R. App. P. 9 in an Order filed June 23, 2005, which limited the issues on appeal to:

Whether the trial court erred in remanding this matter to the Civil Service Merit Review Board because

(1) the Civil Service Merit Review Board's failure to require any live testimony of Shelby County employees who made accusations against Mr. Luther Kirkwood was a violation of Mr. Luther Kirkwood's due process rights to cross-examine his accusers, and

(2) the obligation to call the accusers is that of the employer, Shelby County, and is not that of the employee, Luther Kirkwood.

Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. ***Bowden v. Ward,*** 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App P. 13(d).

First, we address the question of whether the obligation to call the accusers is that of the employer, Shelby County, or that of the employee, Luther Kirkwood. In this case, as in all cases brought by the County to the Review Board, Shelby County has the burden of going forward with the facts to demonstrate that the elements of its claim have been fulfilled. The burden of proof is on the party having the affirmative of the issue, and the burden of proof never shifts. 11 Tenn.Jur., *Evidence,* § 49. In disciplinary proceedings, or where the issue is whether the party charged has committed an illegal or improper act, the burden is on the one making the charges and this rule applies where the charge is made by an administrative body. ***Id.*** In contested cases, where the rules of evidence in civil cases apply, the obligation is imposed upon the agency to establish, in the first instance, a prima facie case. 73A CJS PUBADLAW § 240 (2005); ***see also Freeman v. Felts,*** 344 S.W.2d 550, 554 (Tenn. 1961); ***Leonard v. Gilreath,*** 625 S.W.2d 722, 724 (Tenn. Ct. App.1981).

Shelby County's proof in chief in the Review Board hearing consisted of statements of witnesses to the acts alleged by the Sheriff's Department to support the termination of Mr. Kirkwood. The primary accusers against Mr. Kirkwood were Officer Tiawana Taylor, Officer Carlos Nisby, Officer Larry Branch, employees of the Shelby County Sheriff's Department, and Nurse Toya Allen, an employee of Contract Medical Services (together the "Accusers"). The Accusers gave statements during the Shelby County Sheriff Department's investigation of the charges against Mr. Kirkwood and other Sheriff Department employees surrounding the events of June 27, 2000 on the second floor of the county jail. The Accusers' transcribed statements were entered into evidence by counsel for Mr. Kirkwood at the beginning of the Review Board hearing on November 13, 2001. We quote from the Review Board transcript:

> Counsel for Mr. Kirkwood: I think we have stipulated to enter the following statements, and I believe these were all the statements that were taken either by GIB or IAB regarding these incidents.
>
> *     *     *
>
> I have a handwritten memo from Officer Nisby dated May 28, 2000. I have a GIB statement from Larry Branch dated May – I am sorry, June 28 –
>
> Counsel for Shelby County:   I have got two of them.
>
> Counsel for Mr. Kirkwood:  – 2000.
>
> Counsel for Shelby County: I have got a June 28, 2000 and also a June 13, 2000.
>
> Counsel for Mr. Kirkwood: Exactly, both of those. I also have a handwritten memo from Officer Branch dated May 28, 2000.

*     *     *

<blockquote>
<u>Counsel for Shelby County</u>: Now, also statement of Toya Allen. This is on the Torres case. . . Nurse Toya Allen, her statement. I know you have got that because that is on the Torres case. It was in the stack.

<u>Counsel for Mr. Kirkwood</u>: If it's in the stack, we are okay.

*     *     *

<u>Counsel for Mr. Kirkwood</u>: I have another handwritten memo from Nisby dated May 27, 2000. And that should be Collective Exhibit 1. We also - -

<u>Chairman of the Review Board</u>: Is the record clear on what has transpired? If not, would you make a statement?

<u>Counsel for Mr. Kirkwood</u>: I believe it is. We have gone through and what we have intended to do, anyway, is put in all of the statements that any officer gave either to IAB or to GIB . . . or to their commanding officers internally as a result of these incidents.

And for the sake of being sure we got everything, we agreed to put in all statements that we had in our possession.

<u>Chairman of the Review Board</u>: [Counselor for Shelby County], do you agree to that?

<u>Counsel for Shelby County</u>: Sure.
</blockquote>

These statements were entered with approximately thirty (30) other statements given by officers, inmates and another nurse from Contract Medical Services. The statements were put into evidence by express stipulation of counsel for both parties.

A stipulation is defined as "an agreement between counsel regarding business before the court which is entered into mutually and voluntarily by the parties." ***Overstreet v. Shoney's, Inc.,*** 4 S.W.3d 694, 701 (Tenn. Ct. App.1999) (citing ***State v. Ford,*** 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986); ***State v. Morris,*** 641 S.W.2d 883, 889 (Tenn. 1982)). A stipulation obviates the need for evidence regarding the stipulated matters. ***See Hunter v. Burke,*** 958 S.W.2d 751, 755 (Tenn. Ct. App.1997). Although the parties may not stipulate to questions of law, ***see Mast Adver. & Publ'g, Inc. v. Moyers,*** 865 S.W.2d 900, 902 (Tenn.1993), stipulations within the range of possibly true facts and valid legal strategies are allowed. ***See id.*** These stipulations will be rigidly enforced by the courts of this State. ***Bearman v. Camatsos,*** 385 S.W.2d 91, 93 (Tenn.1964) (citing ***State ex rel. Weldon v. Thomason,*** 221 S.W. 491, 495 (Tenn. 1920); ***Tucker v. International Salt Co.,*** 349 S.W.2d 541, 543 (Tenn. 1961)). A party who makes concession or adopts evidence by stipulation and whose cause of action is determined thereon, must abide by his decision even on appeal by certiorari and such stipulations will be strictly enforced by courts. ***Bearman,*** 385 S.W.2d at 93 (Tenn. 1964).

-7-

The stipulation of the Accusers' statements by Mr. Kirkwood's attorney obviates the need for additional evidence regarding the stipulated statements and relieves Shelby County of bringing forth the witnesses to present live testimony. Mr. Kirkwood's stipulation of the transcribed statements of his Accusers eliminated the County's need to subpoena the witnesses to appear in court. As a result, Shelby County met its burden of going forward and establishing a prima facie case against Mr. Kirkwood. Shelby County has no obligation to call accusers of an employee at a Review Board hearing. Rather, Shelby County has only the obligation of meeting its burden of proof. Accordingly, we find that there exists no obligation on the part of Shelby County to call Mr. Kirkwood's Accusers. There only exist the burden of going forward and establishing a prima facie case against the employee, which Shelby County successfully met in the present case.

Next, we must determine whether the Review Board's failure to require any live testimony of those who made accusations against Mr. Kirkwood resulted in the denial of Mr. Kirkwood's opportunity to confront and cross-examine the witnesses against him at the post-termination hearing. Mr. Kirkwood asserts that, by permitting Shelby County to rely on the transcribed statements of his Accusers, the Review Board infringed upon his due process right to confront and cross-examine adverse witnesses.

The Fourteenth Amendment to the United States Constitution protects individuals against government deprivations of "life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. In a due process case, the court follows an established two-step analysis determining whether the plaintiff was deprived of a protected interest and, if so, what process is due. ***Rowe v. Board of Educ. of Chattanooga,*** 938 S.W.2d 351, 354 (Tenn.1996), *cert. denied,* 520 U.S. 1128, 117 S.Ct. 1271, 137 L.Ed.2d 349 (1997) (citing ***Board of Regents of State Colleges v. Roth,*** 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972)).

" 'Property interests are not created by the federal constitution.' Instead, they are created and defined 'by existing rules or understandings that stem from an independent source such as state law.' " ***Rowe,*** 938 S.W.2d at 354 (citing ***Roth,*** 408 U.S. at 577, 92 S.Ct. at 2709). The United States Supreme Court has stated that "[t]he hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except 'for cause.' " ***Logan v. Zimmerman Brush Co.,*** 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). Tennessee law gives certain civil service employees a constitutionally protected property interest in continued employment which cannot be extinguished unless the employees are afforded procedural due process. *See* T.C.A.. § 8-30-331 (2005).

It is not disputed that Mr. Kirkwood was a regular civil service employee and, thus, he acquired a property interest in his employment. As a regular employee, the law clearly provides that Mr. Kirkwood could not be deprived of his property right by "suspension, demotion, dismissal or any other action" without minimum due process. T.C.A. § 8-30- 331. The question becomes whether the Civil Service Merit Review Board's failure to require any live testimony of Shelby County employees who made accusations against Mr, Kirkwood was a violation of Mr. Kirkwood's

-8-

due process rights to cross-examine his accusers. The lower court answered this question in the affirmative. We respectfully disagree.

In the case of **Case v. Shelby County Civil Service Merit Bd.,** 98 S.W.3d 167 (Tenn. Ct. App.,2002), this Court held that due process mandates that a regular civil service employee whose employment may be terminated only for cause must be given the opportunity to confront and cross-examine the witnesses against him at the post-termination hearing. The pertinent part of this Court's analysis and holding in *Case* reads:

> Neither the United States Supreme Court nor the highest State courts have determined whether due process requires that a civil service employee with a property interest in continued employment must be given the opportunity to confront and cross-examine adverse witnesses at some stage in the termination process. However, we believe the Supreme Court's observations on due process mandate that where the facts giving rise to an employee's termination are in dispute, or where the gravity of termination as opposed to less severe disciplinary measures is reasonably challenged, due process requires that the employee be afforded the opportunity to confront and cross-examine the witnesses against him. *See, e.g., Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 548, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (citations omitted)(Marshall, J. concurring) ("[T]he employee is entitled to an opportunity to test the strength of the evidence by 'confronting and cross-examining adverse witnesses' " pretermination.); *Brock v. Roadway Express, Inc.,* 481 U.S. 252, 264, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987)("[C]ross-examination ... need not be afforded at *this* [pretermination] stage of the proceedings.") (emphasis added). *See Rayder v. Grunow,* No. 01-A-01-9207-CH00327, 1993 WL 95561 (Tenn.Ct.App. Apr. 2, 1993), 1993 Tenn.App. LEXIS 261, at *14-15 (*no perm. app. filed*) (citing the U.S. Supreme Court's holding in *Goldberg v. Kelly,* 397 U.S. 254, 268, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), that due process requires that welfare recipients be afforded an opportunity to confront adverse witnesses before welfare rights could be deprived for the proposition that the same right would be required in the employment termination context).

> This holding is supported by application of the *Mathews* factors. First, the private interest affected is substantial. The loss of one's means of livelihood is accentuated by the questionable circumstances of a "for cause" dismissal. Such a termination could have a considerable impact on the employee's chances for future

employment. *See Loudermill,* 470 U.S. at 543, 105 S.Ct. 1487. Second, the value of the right to confront and examine one's accusers where factual elements are in dispute is implicit in our adversarial system and the deference we accord to the fact finder's determination of issues such as witness credibility and material fact. *See, e.g., Berryhill v. Rhodes,* 21 S.W.3d 188, 190 (Tenn.2000); *Gaskill v. Gaskill,* 936 S.W.2d 626, 631 (Tenn. Ct. App.1996). Third, in enacting the Civil Service Merit Act, the legislature recognized a notable governmental interest in consistent civil service policies and procedures. *See generally, Shelby County Civil Serv. Merit Bd. v. Lively,* 692 S.W.2d 15 (Tenn.1985). One of the express provisions of the system is that employees may be terminated only for cause. 1971 Tenn. Priv. Acts ch. 110 § 21. The government has a corresponding interest maintaining the integrity of the civil service system. Further, our review of the record in this case reveals that employees who challenge termination to the Civil Service Merit Board are allowed to call witnesses and to cross-examine witnesses appearing against them. The rules regarding disciplinary hearings before the Board provide that the secretary of the Board must issue subpoenas requested by the appellant, that the appellant shall be entitled to appear personally and produce evidence in the form of exhibits and testimony, and that the Board is entitled to question a witness after examination by both parties. Thus the County already is meeting the burden of providing this safeguard.

We agree with our sister jurisdictions that have held that where the decision to terminate employment turns on determinations of issues of fact, due process requires an opportunity to confront and cross-examine witnesses. *See Bartlett v. Krause,* 209 Conn. 352, 551 A.2d 710 (1988); *Ohio Assoc. of Pub. Sch. Emp. v. Lakewood City Sch. Dist. Bd. of Educ.,* 68 Ohio St.3d 175, 624 N.E.2d 1043 (1994). We accordingly hold that ***due process mandates that a classified civil service employee whose employment may be terminated only for cause must be afforded the opportunity to confront and cross-examine the witnesses against him at the post-termination hearing where the facts giving rise to termination are in dispute or where the severity of the discipline is challenged*** (emphasis added).

*Case,* 98 S.W.3d at 173 -175.

It is important to note, that the decision in *Case* requires that a civil service employee who has acquired a property interest in his employment through his status as a regular civil service employee, must be afforded "the opportunity" to confront and cross-examine the witnesses against him. As such, that "opportunity" is a right that may be lost or waived by the employee. We must

determine whether Mr, Kirkwood was denied that opportunity to confront and cross-examine the witnesses against him at the post-termination hearing. The record of Mr. Kirkwood's hearing before the Review Board reveals that Lt. Ducrest, lead investigator on Mr. Kirkwood's case, was not present on the first day of the hearing, November 13, 2001. Due to Lt. Ducrest's absence, Shelby County sought a continuance. Mr. Kirkwood opposed the continuance, and the Review Board allowed the hearing to continue over the objection of Shelby County. Thus, Mr, Kirkwood did not have an opportunity to cross-examine Lt. Ducrest on the first day of the hearing. However, on November 29, 2001, the second day of Mr. Kirkwood's post-termination hearing before the Review Board, Lt. Ducrest was present. Because the County had relied on the testimony of Inspectors Cash and Peete to present their case against Mr. Kirkwood, the County did not plan on calling Lt. Ducrest for direct testimony. However, the County's attorney announced to the Review Board that Lt. Ducrest would be available for questioning by either the Review Board or Mr. Kirkwood's attorney. Mr. Kirkwood's attorney chose not to call Lt. Ducrest to the stand. Mr. Kirkwood had the opportunity to examine Lt. Ducrest, but chose not to do so.

The record reveals that in Lt. Ducrest's absence, the County called Inspector William Cash, Director of Disciplinary Services for the Shelby County Sheriff's Office. In direct testimony, Inspector Cash provided evidence of the investigation against Mr, Kirkwood. The County also called Inspector Mary Peete. Inspector Peete conducted Mr. Kirkwood's Loudermill hearing. Inspector Peete provided evidence of the charges against Mr. Kirkwood, and the evidence presented at the Loudermill hearing. Mr. Kirkwood's attorney had the opportunity, and did in fact, cross-examine both Inspectors Cash and Peete.

As discussed above, at the beginning of Mr. Kirkwood's hearing before the Review Board, counsel for Mr. Kirkwood and Shelby County stipulated to the admission into evidence of all the statements obtained during the investigation of the events surrounding Mr. Kirkwood's termination, including the transcribed statements of Mr. Kirkwood's accusers. By his action, Mr. Kirkwood's attorney waived any hearsay objection. Having failed to take advantage of that opportunity at the trial level, Mr. Kirkwood cannot be heard to complain on appeal. Additionally, by stipulating to the entry of the Accusers' statements, Mr. Kirkwood's counsel relieved the County of the need to bring the Accusers to court to present live testimony. However, Mr. Kirkwood had been provided the names of all individuals giving statements adverse to Mr. Kirkwood's position, as well as the transcripts themselves, prior to the scheduling of his post-termination hearing before the Review Board. Mr. Kirkwood chose not to issue subpoenas to have those witnesses present during the Review Board hearing in order to cross examine them on their transcribed statements.

The record reveals, without question, that Mr. Kirkwood was provided an adequate opportunity to confront his Accusers. Mr. Kirkwood cross-examined Inspectors Cash and Peete. Mr. Kirkwood had the opportunity to examine Lt. Ducrest, but declined to do so. Mr. Kirkwood had the opportunity to subpoena Officer Tiawana Taylor, Officer Carlos Nisby, Officer Larry Branch, and Nurse Toya Allen, those who had given testimony against him. He did not. Mr. Kirkwood's failure to capitalize on his opportunity to examine those who made accusations against him was not

the result of the County's conduct, but was instead the product of his own attorney's tactical decisions. Fundamental fairness required that Mr. Kirkwood be given fair opportunity to confront his Accusers and to test the strength of the evidence against him. However, the decision to take advantage of the opportunity ultimately rested with Mr. Kirkwood, and he must bear the responsibility for waiving his opportunity to confront his accusers. Mr. Kirkwood was afforded the opportunity to examine his Accusers and was not denied his rights under Article I, §8 of the Tennessee Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Accordingly, we vacate the trial court's order to remand this matter to the Civil Service Merit Review Board and affirm the decision of the Civil Service Merit Review Board. Costs of this appeal are assessed to the substituted Appellee, Robyn Kirkwood.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.